# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

 Plaintiff,

v.

AHMED LEE,

 Defendant.

Case No. 2:17-cr-00279-KJD-NJK

**ORDER**

 Presently before the Court is Defendant's Objections to Magistrate Judge's Order to Shackle Defendant (#18). The Government did not file a response, and the time to do so has passed.

**I. Background**

 On August 31, 2017, Defendant appeared before Magistrate Judge Ferenbach in leg restraints. Prior to this initial appearance, the U.S. Marshals Office ("Marshals") gave both counsel and the Magistrate Judge a prisoner restraint form which detailed why the Marshals felt leg restraints were appropriate for this particular Defendant. In this form, the Marshals stated that on August 8, 2017, Defendant had resisted arrest of an officer with a firearm. Based on that particular event, the Magistrate Judge had Defendant brought into the courtroom in leg restraints. However, prior to beginning Defendant's initial appearance, the Magistrate Judge held a hearing pursuant to U.S. v.

Sanchez-Gomez, 850 F.3d 649 (9th Cir. 2017), to allow argument as to whether Defendant should remain in leg restraints for the remainder of the appearance.

During this hearing, the Government stated that in addition to the Marshals' request, it too was requesting Defendant be placed, at a minimum, in leg restraints. The Government detailed the circumstances of Defendant's previous resisting of an officer. It stated that Defendant had forcibly resisted officers when they requested he accompany them outside of a 7-Eleven. Defendant reached for his waistband during the officers' attempt to detain him, and later the officers recovered a firearm that had been located in Defendant's front right pants pocket.

Defendant had no factual objection to the Government's explanation, but instead stated that the Government's arguments were "not good arguments" under U.S. v. Sanchez-Gomez. Defendant argued there are three scenarios in which Sanchez-Gomez envisioned shackling, and that none of those scenarios were present here. Ultimately, the Magistrate Judge highlighted his responsibility to look at all factors, stating, "My job is to protect not only the court personnel . . . but the defendant himself from any acting out." He stated he must look at factors that in his discretion and experience raise a safety concern, and that these particular facts raise a concern for this particular defendant. As such, Defendant remained in leg restraints during the hearing.

On September 14, 2017, Defendant filed the present objections to the Magistrate Judge's ruling.

**II. Legal Standard**

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" Grimes v. County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991); 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard applies to factual findings, and the contrary to law standard applies to legal determinations. Grimes, 951 F.2d at 240. A magistrate judge's order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." U.S. v. Desage, 2017 WL 77415, at *3 (D. Nev. Jan. 9, 2017).

Section 636(b)(1)(A) states a judge may reconsider any pretrial matter upon a showing that the magistrate judge's order is clearly erroneous or contrary to law. Magistrate judges are given broad discretion and should not be overruled absent a showing of clear abuse of discretion. Anderson v. Equifax Info. Services, LLC, 2007 WL 2412249, at *1 (D. Or. 2007). As such, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241 (citing U.S. v. BNS, Inc., 858 F.2d 456, 464 (9th Cir. 1988)); see also Merritt v. International Broth. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. 1981) ("Pre-trial orders of a magistrate under 28 U.S.C. § 636(b)(1)(A) . . . are not subject to a de novo determination as are a magistrate's proposed findings and recommendations under § 636(b)(1)(B).").

## III. Analysis

Defendant argues the Magistrate Judge's decision to place him in leg restraints was inconsistent with Ninth Circuit precedent U.S. v. Sanchez-Gomez. Defendant heavily relies on the following language in Sanchez-Gomez: "'In all [ ] cases in which shackling has been approved,' we have noted, there has been 'evidence of disruptive *courtroom* behavior, attempts to escape from custody, assaults or attempted assaults while in custody, or a *pattern* of defiant behavior toward corrections officials and judicial authorities.'" Sanchez-Gomez, 859 F.3d at 660 (quoting Gonzalez v. Pliler, 341 F.3d 897, 900 (9th Cir. 2003) (alteration in original)[1]). Defendant argues "*[t]hese* are the circumstances the Court must find exist before shackling a defendant," and that "[i]ndividual facts that do not involve the type of disruptive behavior identified in *Sanchez-Gomez* do not justify

---

[1] Gonzalez v. Pliler discussed whether forcing a prisoner to wear a stun belt during his trial violated his due process rights. The stun belt "delivers a 50,000-volt, three to four millampere shock lasting eight seconds." Id. at 899. Using a stun belt may have psychological consequences, and "may pose a far more substantial risk of interfering with a defendant's Sixth Amendment right to confer with counsel than do leg shackles." Id. at 900. Further, this Gonzalez language is quoted from Duckett v. Godinez, 67 F.3d 734 (9th Cir. 1995), a habeas case evaluating whether shackles had prejudiced the outcome of a sentencing hearing. In Duckett, the Ninth Circuit referred to the listed examples as "factors," and stated "[t]he trial court is not required to state on the record all its reasons for imposing shackles, nor must it conduct an evidentiary hearing on the issue of necessity before ordering the use of physical restraints." Id. at 749. Much like Sanchez-Gomez, the objections to shackling in Duckett were because "[t]here [was] no indication in the record that the court considered whether any less restrictive alternatives were available and would be adequate." Id. at 748.

3

the use of shackles." (#18, at 6). However, Defendant's tunnel vision on these examples mischaracterizes what Sanchez-Gomez requires.[2] The Ninth Circuit states it plainly:

> [W]e hold that if the government seeks to shackle a defendant, it must first justify the infringement with specific security needs as to that particular defendant. Courts must decide whether the stated need for security outweighs the infringement on a defendant's right. This decision cannot be deferred to security providers or presumptively answered by routine policies.

Id. at 666.

The Magistrate Judge's finding possesses basis in law, and "the decision whether to shackle is entrusted to the court's discretion." Sanchez-Gomez, 859 F.3d at 660. He made the specific determination that Defendant shall remain in leg restraints; this decision took into account argument from both Defendant and the Government, the recommendation of the Marshals, and the Magistrate Judge's own experience and discretion. Defendant has received that which Sanchez-Gomez requires: "an individualized decision that a compelling government purpose would be served and that shackles are the least restrictive means for maintaining security and order in the courtroom." Id. at 661. Thus, Defendant's Objections to Magistrate Judge's Order to Shackle Defendant are denied.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant's Objections to Magistrate Judge's Order to Shackle Defendant (#18) are **DENIED**.

DATED this 10th day of January, 2018.

_____
Kent J. Dawson
United States District Judge

---

[2] What the Ninth Circuit evaluated in Sanchez-Gomez was the practice of routine shackling without individual evaluation. It cited as examples judges issuing blanket decisions over multiple defendants who raised individual objections, such as "for the record, every defendant that has come out is in th[e] exact same shackling; so [counsel doesn't] have to repeat that every time," and a judge denying a defendant's motion to appear out of restraints "for all of the reasons previously stated" for a different defendant. Sanchez-Gomez, 859 F.3d at 654.

4